FIDELIA LEE v. SCHOOL-DISTRICT NUMBER TWO OF THE
TOWNSHIP OF ALCONA.

*Schools and school-districts — Contract with teacher — Board of
school examiners—Special certificate—Authority of secre-
tary of board.*

1. The secretary of the board of school examiners had no right,
   after the refusal of the board of examiners to grant, upon
   examination, a certificate, to issue a special certificate to the
   rejected applicant, under How. Stat. § 5154.
2. The object of How. Stat. § 5154, was to bridge over the time
   between the commencement of a school and the next meeting
   of the board of examiners, and a special certificate granted
   thereunder had life only until the time of such next regular
   examination.
3. The action of the majority of a board of school examiners in
   refusing a certificate cannot be questioned by the rejected
   applicant in a suit to recover wages she would have earned
   under her contract but for such adverse action.

Error to Alcona. (Tuttle, J.) Argued June 28,
1888. Decided July 11, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The
facts are stated in the opinion.

*Henry & Cornville* and *O. H. Smith,* for appellant.

*W. E. Depew,* for defendant.

MORSE, J. The plaintiff, on October 14, 1884, entered
into the usual written contract with the officers of the
defendant school-district as a teacher. She was to teach
nine months, and receive therefor the sum of $315.
When she commenced teaching under this contract, the
plaintiff had no certificate received upon a regular exam-
ination of the county board of school examiners, but was

granted a special certificate by the secretary of the board, one J. E. Fair, under the statute as it was at the time, and before the amendment of 1887.[1]

The statute provides as follows :

" The secretary of the board of school examiners shall have power, upon personal examination satisfactory to himself, and subject to such rules and regulations as the board of school examiners may establish, to grant special certificates, which shall license the holder thereof to teach in a specified district for which it shall be granted ; but such certificate shall not continue in force beyond the time of the next public examination by the board of school examiners, and it shall not in any way exempt the teacher from a full examination before said board." How. Stat. § 5154.

A general examination of teachers for the county was held October 30, 1884, of which plaintiff had notice, and which she attended. At such examination only two of the examiners were present. The place of the absent member was filled by one Mr. Stecker, who acted in his stead, and took part in the examination. The plaintiff was on that day examined with others. After the examination was concluded, the plaintiff was informed that it was undecided who would receive certificates, and she was instructed by the secretary to go on with her school until she heard from the board. The board refused to grant her a certificate upon such examination, but on November 3, 1884, Mr. Fair, the secretary, without the knowledge or consent of the board, issued to her another special certificate, upon which she taught until the 21st of the same month, when she was dismissed by the officers of the school-district, and another teacher employed.

Evidence was offered to show the ability and willingness of the plaintiff to continue the school till the end of her term, and her inability to procure other employment.

---

[1] See Act No. 266, Laws of 1887, § 5.

She was paid for the full time she actually taught the school, but she brought this suit to recover the balance of the $315, claiming that she was entitled to the full contract price, as the district had no legal right to discharge her. It does not appear that she was discharged for any other cause than the lack of a proper certificate.

The circuit judge directed the jury to find for the school-district, and judgment was entered for the defendant.

The judgment is right. The secretary had no authority, four days after the refusal of the board of examiners to grant plaintiff, upon examination, a certificate, to issue a special certificate to her. The certificate so issued was invalid. The school-district had a right to the services of a competent teacher, and one who had received the proper license to teach under the law.

We cannot agree with the counsel for plaintiff that the statute authorizes the secretary at any time, where no rules or regulations to the contrary are established by the board of examiners, upon a personal examination, to grant a special certificate, and that the second certificate issued by him to plaintiff was good until another public examination of teachers was held. To hold this would authorize the secretary to nullify, at any time, the action of the board, and make him, in effect, the sole person, under the law, to judge of the qualification of teachers, and to issue certificates. The object of the statute evidently was to bridge over the time between the commencement of a school and the next meeting of the board, as in the case of the first certificate issued to plaintiff. The intention is also plain that such certificate shall have life only to the time of such examination; and that if the applicant for a certificate is rejected, though holding a special one, she shall not be granted another special certificate immediately upon the heels of such examination.

The fact that one of the examiners did not participate in the examination of plaintiff, or that an unauthorized person filled his place, and took part in the proceedings of the board, cannot affect the situation of plaintiff. A majority of the board acted, and decided against her, and she cannot question the validity of such action in this suit. It cannot be said that no legal public examination took place, and it is not shown that the action of Mr. Stecker had anything to do with her failure to obtain a certificate upon such examination.

The judgment is affirmed, with costs.

The other Justices concurred.