WILLIAM DEVOE v. SCHOOL-DISTRICT NO. THREE OF THE TOWNSHIP OF SPAULDING.

*Schools and school-districts—Unqualified teacher—Verbal contract.*

Where a teacher, holding a certificate from the county board of examiners having one month to run, contracted verbally to teach a five months' term of school, and, about the time of the expiration of his certificate, was refused a new one by the board, and a month later was again examined and met with a second refusal, but continued to teach the school for three weeks thereafter, when the school was closed by the secretary of the board, the teacher having received payment for his services up to the date of such second rejection, he cannot collect pay for the three weeks' teaching, nor can the school officers continue him in school, and bind the district to pay for such services, after such rejection; there being no difficulty in obtaining qualified teachers in the vicinity. *Lee v. School-dist.*, 71 Mich. 361.

Error to Saginaw. (Gage, J.) Argued October 31, 1889. Decided November 8, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Wilber & Brucker,* for appellant, contended for doctrine stated in the opinion.

*G. G. Laird* and *L. C. Holden*, for plaintiff, contended:

1. The assignments of error all result in one question,—can plaintiff recover for valuable services rendered under a contract (not in writing, but about the terms of which there is no dispute), for teaching school when he had no certificate; the board of trustees of the district knowing that he had no certificate, yet saying that his services were satisfactory, and urging him to go on and teach, notwithstanding he had no written contract, and his certificate had expired; and having, as a further encouragement or inducement to him to continue, paid him for his first month's services when he had a certificate but no written contract, and having also paid for a second month's services when he had neither written contract nor certificate, said last month being precisely upon the same basis as his present claim? The only reason a contract was not signed was because the board had no form, or printed blanks. In support of an affirmative answer to this question, counsel cite: *Crane v. School-dist.*, 61 Mich. 299; *Holloway v. School-dist.*, 62 Id. 153; *Stockdale v. School-dist.*, 47 Id. 226; *School-dist. v. Estes*, 13 Web. 52; *Smith v. School-dist.*, 69 Mich. 589; *Hale v. Risley*, Id. 596; *School-dist. v. Brown*, 55 Vt. 61.

MORSE, J. Plaintiff sued in justice's court to recover balance of wages as school-teacher. He had judgment, and defendant appealed to the circuit court, where plaintiff again prevailed, the circuit judge directing a verdict in his favor for $28.32. Judgment was entered upon the verdict, and defendant assigns error.

When the plaintiff rested, the defendant asked the court to direct a verdict in its favor, which request was refused. It should have been granted. We are satisfied that the plaintiff had no case upon his own showing. He had taught the school the year before for eight months, and gave good satisfaction. He made a verbal contract in 1887 to teach the school for a term of five months. He held at that time a certificate from the board of examiners of Saginaw county, in which county the school was situated. This certificate would expire on

October 30, about a month after he commenced teaching.
About the time of its expiration he went before the
board of examiners, and a certificate was refused him.
He was told, however, that the board would meet again
in about a month, when he would be given a new trial.
At the next meeting of the board, the last of November,
he was again examined, and again refused a certificate.
He kept on teaching until about three weeks after this
second rejection, when the school was closed by the
school board under the direction of the secretary of the
board of county school examiners. The first month he
received an order and was paid. When he went at the
end of the second month to get his order, which was
before his second rejection, but after his first examina-
tion, one of the officers, the moderator, hesitated about
signing it, for the reason that he had been refused a
certificate; but, as he was about to make a second trial for
such certificate, the order was finally drawn, and he received
the second month's pay upon it. His claim in this suit
is for three weeks that he taught after this, and after he
had failed on the second examination.

Plaintiff testifies that he spoke to the director about a
contract about the time he commenced school, and that
officer said he had no blanks, and requested him, when he
went to East Saginaw, to get some. Plaintiff, when he
went to East Saginaw, could find none, and so informed
the director, who promised to obtain some as soon as possi-
ble. After plaintiff had taught about six weeks the director
informed him that he had procured the blanks, but he
would not enter into the contract until plaintiff obtained
a certificate. He testifies that the director told him after
the first examination to go on with the school until he
was examined again, and that after he was rejected the
second time the director told him to keep on teaching,
but that he had no talk with the other officers about it,

and only notified the director that he had been rejected. The director denies that he told plaintiff to keep on teaching after the second rejection; but this is immaterial, as we are now dealing with the plaintiff's case as he made it. Plaintiff further testified that he knew that, unless he had a certificate, any contract he might make with the school board to teach would be illegal and void.

We think he was paid all that he ought to have been, under the circumstances. He knew that he could not legally teach school without a certificate, after his second rejection. His only claim for wages or pay for his services after that time is based upon the fact that the director told him to go on, and he was permitted to teach until the school was closed by the county board of examiners or its secretary. He had no arrangement with the other officers of the school-district, and did not talk with them on the subject, or notify them that he had been refused a certificate for the second time. The director had no authority alone to bind the district, and there is nothing in the case that estops the district from disputing the plaintiff's right to recover.

The case differs from *Crane v. School-district*, 61 Mich. 299 (28 N. W. Rep. 105), and *Holloway v. School-district*, 62 Id. 153 (28 N. W. Rep. 764). In the latter case the only invalidity urged against the written contract was that one of the school officers had not signed it, and there had been no adoption or ratification of the agreement at any meeting of the school board. We held that—

"Plaintiff had a right to suppose his contract was a valid one when it was signed by a sufficient number of the officers and he was, with the personal knowledge of the whole board, permitted, and apparently encouraged, to proceed;" and that "a contract valid on its face, actually carried out in full, with the acquiescence of all concerned, cannot be subsequently repudiated."

*Crane v. School-dist., supra,* involved a similar state of facts as the case above considered.

In the case at bar the plaintiff had no valid contract with the school board, and knew that he was running the risk of non-payment if he kept on teaching. The last order was signed by the moderator only in the hope that he might, on the second examination, procure a certificate. After he was rejected the second time, he was not authorized to teach any longer, according to his own testimony, except by the director. He did not see the other officers, and there is no evidence that either of them did anything upon which plaintiff acted in continuing the school. He knew that the director could not bind the district to pay him for the teaching he did after his second failure to obtain a certificate. He seems to have kept on, in the hope that he might obtain another order, and draw his pay for his work, instead of relying on any belief that he was legally entitled to such pay.

The district were entitled to a qualified teacher, under the law, and when plaintiff failed to procure a certificate, upon two trials, it was his business to quit. And after such failure neither one nor all of the district officers could continue him in the school, and bind the district to pay for his services, as it is shown that there was no difficulty in obtaining qualified teachers in that vicinity. See *Lee v. School-dist.*, 71 Mich. 361 (38 N. W. Rep. 867).

The judgment is reversed, and a new trial granted, with costs of this Court.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred.

LONG, J., did not sit.