94  165
111   69

THE PEOPLE, EX. REL. THE ATTORNEY GENERAL, V. LOUIS E. HOWLETT.

*Schools and school-districts—County commissioner of schools— Qualifications for office—Quo warranto.*

Section 3 of Act No. 147, Laws of 1891, which provides that no person shall be eligible to the office of county commissioner of schools who shall not be a graduate in the literary department of some reputable college, university, or state normal school, or hold a State teacher's certificate, or who shall not have held a first-grade certificate within two years next preceding the time of his or her election, or shall [not] have held the office of county commissioner under the act, is construed as follows:

*a*—A high school is not a " college," within the meaning of the act.

*b*—A person holding a special first-grade certificate not granted at one of the regular public examinations provided for in Act No. 266, Laws of 1887, and Act No. 147, Laws of 1891, or who holds a first-grade certificate granted to him without an examination, or who receives such a certificate upon a public examination after his election, is not eligible to the office of county commissioner of schools.

*c*—Holding the office of secretary of the board of examiners under Act No. 266, Laws of 1887, is not a compliance with the provision, " or shall have held the office of county commissioner under this act."

Error to Livingston.  (Person, J.)    Argued November 17, 1892.    Decided December 22, 1892.

Information in the nature of *quo warranto* to test the right of respondent to hold the office of county commissioner of schools for Livingston county. Judgment of ouster affirmed. The facts are stated in the opinion.

*William P. Van Winkle,* for respondent.

*A. A. Ellis,* Attorney General *(Luke S. Montague,* of counsel), for the people.

LONG, J. This is a proceeding by *quo warranto* to inquire into the right of the respondent to hold the office of county commissioner of schools for Livingston county. The cause was heard in the circuit court of that county, findings of fact and law made, and judgment of ouster entered. The ·case is here to review the action of the trial court.

It appears from the findings of fact that the respondent, at the time this proceeding was commenced, was exercising the duties of county commissioner of schools for Livingston county, under the provisions of Act No. 147, Laws of 1891, by virtue of an election by the board of supervisors held June 24, 1891, and that he entered upon the duties of the office on the fourth Tuesday of August following. The sole question is upon the eligibility of the respondent. The court found that he was 21 years of age, of good moral character, learning, and ability to instruct and govern a school, and ˉthat he had taught, prior to his election, at least one year, with ability and success; that in 1887 he graduated from the Howell Union School, receiving a graduating diploma, which entitled him to admission to various courses in the Michigan University without further examination; that all branches of study required for a first-grade certificate were included in his course at the Howell Union School; that prior to his election he had also graduated from the law department of

the Michigan University, and was a member of the bar of Livingston county, and was also secretary of the board of school examiners of that county; that he held, at the time of his election, a certificate issued by the board of school examiners of Washtenaw county, purporting to be a "special first-grade certificate," but such certificate did not purport to be a regular first-grade certificate, nor was it issued or dated at any of the regular public examinations provided by law; that after his election, and prior to the commencement of his term of office, the board of county school examiners of Washtenaw county issued and delivered to him a teacher's first-grade certificate, in due form of law, and regular upon its face, signed by the secretary and chairman of such board, and which bears the date of August 7, 1891, but that the respondent was not present at the examination, though the board, from personal acquaintance with him, were satisfied that in all respects he was qualified to hold such certificate, and it was issued in good faith, but not delivered to respondent until four weeks later; that since the filing of the information in this case, the board of school examiners of Macomb county, on March 3, 1892, issued to him a teacher's first-grade certificate in due form of law; that this was upon examination of the respondent at a regular meeting of the board, though he was not a resident of that county at the time, and not intending to teach in that county. It was found, however, by the court below that, at the time of his election, the respondent was not a graduate of the literary department of any reputable college, university, or state normal school (unless the high school department of the Howell Union School could be called a "college"); that he did not hold a State teacher's certificate; that he had not held a first-grade certificate within two years next preceding the time of his election; that he had not held the office of county commissioner under Act No. 147, Laws of

1891; and that there were more than 50 schools in said county subject to the supervision of the county commissioner at the time.

From these facts the court concluded, as matter of law,—

1. That said special first-grade certificate was not authorized by law, and was void.

2. That the Legislature did not intend to include union or graded schools within the term "reputable college."

3. That the acquisition of a first-grade certificate after election does not come within the meaning of the plain language of the statute, which expressly says that such certificate, to be available, must have been had at some period within two years next preceding the election.

4. That, under the terms of the statute, the respondent is not eligible to the office.

5. That, being ineligible by express terms of law, there is no room for the court to consider questions of public policy or public good.

Section 4 of article 13 of the Constitution leaves the matter of the government of the primary schools of the State to the Legislature, by providing that it shall establish a system whereby schools shall be kept, without charge for tuition, at least three months in each year, in every school-district in the State. The office of county commissioner of schools is not one of the offices enumerated in the Constitution; but, under the general power of the Legislature conferred by the Constitution, undoubtedly that body has the right in arranging the school system to make such regulations for the government thereof as its wisdom shall dictate. The act of 1891 provides for the election of a county commissioner of schools by the board of supervisors of each county. Section 3 of that act provides that—

"No person shall be eligible to the office of county commissioner of schools who shall not be a graduate in the literary department of some reputable college, university, or State normal school, or hold a State teacher's certificate, or who shall not have held a first-grade certificate within

two years next preceding the time of his or her election, or shall have held the office of county commissioner under this act."

The Legislature, having the power under the Constitution, to provide for a county commissioner of schools, had the right to fix and determine the qualifications of the incumbent of the office within reasonable limits; and it cannot be said that the qualifications required by the act are unreasonable. Our primary school system is the pride of the State, and the legislative intent, as shown by the act, was to keep up the standard of teachers to be employed therein, by requiring certain educational qualifications in the persons whose duty it is to examine the teachers to be employed, and determine their fitness for the work intrusted to them.

It is contended by counsel that respondent did possess the qualifications required by the act, in that—

1. He was a graduate of the Howell High School.

2. He held a special first-grade certificate from the board of examiners of Washtenaw county; and there was also issued to him a first-grade certificate by the board of examiners of Washtenaw county, dated August 7, 1891, and also one from the board of examiners of Macomb county, March 3, 1892.

3. He was the secretary of the board of school examiners of Livingston county at the time of his election.

We think that he has not shown the necessary qualifications to hold the office required by the act.

1. His graduation from the Howell High School does not confer upon him what the act requires. It is not a "college," within the meaning of the act. That term must be taken in its popular sense and well-understood meaning. High schools are now established in all the principal cities and larger villages of the State, and had become well known as such before the passage of the act in question; and certainly the Legislature never intended

by the language employed to class such schools as colleges.

2. The certificates held by him as a teacher did not confer upon him the necessary qualifications to hold the office. The special first-grade certificate, and the only one held by him at the time of his election, was void, for the reason that first-grade certificates can only be granted on the first Thursday of March and of August of each year, under the provisions of Act No. 266, Laws of 1887, and Act No. 147, Laws of 1891. It was said by this Court in *Lee v. School-Dist.*, 71 Mich. 361:

"These special first-grade certificates *are to bridge over* the time between the commencement of a school and the next meeting of the board of examiners, and not for the purpose of making persons eligible to office."

Under these acts a special certificate is granted and valid only to teach in a specified district; and first-grade certificates can be granted only at the regular public examinations provided for in these acts,—that is, on the first Thursday of March and of August of each year.

3. The second certificate issued to the respondent, it appears by the finding of the court, was not upon any examination taken by him. He was not present at any examination. The board agreed to issue a certificate, and did issue it, as bearing date of August 7, 1891; but it was not delivered to the respondent until four weeks afterwards, and after his election, and after he had entered upon the duties of his office. We think this certificate is also void. It is the intent of these acts that any person desirous of teaching in our public schools shall present himself or herself before the board of examiners on one of the days specified in the acts, there to submit to an examination, and, if found to be qualified, then to receive a certificate in the proper grade. The Legislature has provided this method for ascertaining the qualifications of teachers, and a certificate issued to one who has not taken an examina-

tion at all, and whose qualifications are not ascertained upon an examination, is not such a certificate as the law provides for.

4. The third certificate was issued March 3, 1892, upon a public examination had at the time the law provides for the meeting of the board, and is in due form of law, and it is conceded that it is now held by the respondent, unrevoked; but the statute provides that no person shall be eligible to the office "who shall not have held a first-grade certificate within two years next preceding the time of his or her election." It is contended by respondent that there being no person who claims the office, and his eligibility being now established, he should not be ousted. The limitation, however, upon the right to hold the office is plainly fixed by this statute. He must have held a first-grade certificate at some period of time within the two years next preceding his election. This he did not have.

5. The fact that he had been secretary of the board of examiners under the act of 1887 did not make him eligible. It was not the intent of the Legislature to make one holding that position eligible to the office. The provision of the act, "or shall have held the office of county commissioner under this act," clearly implies one who in the future may be a candidate for the office under the act, and have held that office under the act at some time prior thereto.

We think the court below was right, under the circumstances, in entering judgment of ouster. The judgment must be affirmed, with costs.

The other Justices concurred.