NORTHWAY *v.* SHERIDAN.

1. PUBLIC OFFICERS—INCOMPATIBLE POSITIONS—EFFECT OF AC-
CEPTANCE.

A board of supervisors cannot refuse to recognize one
elected as a member, because, at the time of his election, he
held an office the duties of which so conflict with those of a
supervisor that, on the ground of public policy, one person
ought not to be allowed to hold both offices, since one who,
while occupying one office, accepts another incompatible
with the first, *ipso facto* vacates the first office.

2. SAME—TOWNSHIP SUPERVISOR AND COUNTY CLERK.

Whether the offices of county clerk and township supervisor are
so incompatible as to preclude one person from holding both
at the same time,—*quære.*

*Mandamus* by Fred J. Northway, prosecuting attorney
of Montmorency county, to compel Thomas Sheridan,
supervisor of Vienna township, to deliver the assessment
roll of said township to the committee on equalization
of the county board of supervisors. Respondent filed
a cross-petition to compel the board of supervisors to
recognize him as a member of such board. Submitted
October 6, 1896. Writ granted as prayed in cross-peti-
tion, December 1, 1896.

*E. A. Cooley*, for relator.

*W. E. Depew*, for respondent.

MOORE, J. The only question in controversy is
whether the offices of county clerk and supervisor of a
township may be held by one person at the same time.
Thomas Sheridan, while holding the office of county
clerk, was elected supervisor of the township of Vienna
in the spring of 1896, and entered upon the duties of the
office of supervisor. The board of supervisors refused to

recognize Mr. Sheridan as supervisor, and he seeks by his cross-petition to have them compelled to recognize him. It is admitted by counsel that the statutes of the State do not in express terms forbid one person from holding the two offices, but it is insisted that the duties of the two offices are so conflicting that one person ought not to be allowed to hold them both upon the ground of public policy. No decision is cited by counsel directly bearing upon the case presented, but in a very able brief, presented by the counsel for the board of supervisors, our attention is called to all the provisions of the statute which tend to show conflicting interests between the holders of the two offices.

It is not necessary, in the disposition of the case, to decide whether the duties of the two offices are so inconsistent as to make it impossible for one person to hold both offices at the same time. The respondent has accepted the office of supervisor, and entered upon its duties. The rule is well settled "that he who, while occupying one office, accepts another incompatible with the first, *ipso facto* vacates the first office." It follows that the board of supervisors must recognize the respondent as a supervisor. The writ of *mandamus* will issue as prayed in the cross-petition.

The other Justices concurred.