LODGE *v.* WAYNE COUNTY CLERK.

1. OFFICERS—STATE LEGISLATURE—MEMBERS—ELIGIBILITY TO OFFICE—BOARD OF COUNTY AUDITORS.

    Under section 7, article 5, of the Constitution, a member of the legislature is not ineligible to become a candidate for a member of a board of county auditors, since the duties of the latter office are purely local in their character, referring entirely to affairs of the county. *Fyfe* v. *Kent County Clerk,* 149 Mich. 349, distinguished.

2. SAME—STATE LEGISLATURE—MEMBERS—ELIGIBILITY TO OFFICE—INCOMPATIBILITY OF DUTY—EFFECT.

    Section 6, article 5, of the Constitution, does not preclude a member of the legislature from being a candidate for a county office; the effect of such election, if the duties of the office are incompatible with the duties of a member of the legislature, would be to vacate ipso facto the office first held.

Mandamus by John C. Lodge to compel Thomas F. Farrell, clerk of Wayne county, to place relator's name upon the county primary election ballot. Submitted January 19, 1909. (Calendar No. 23,219.) Writ granted February 2, 1909.

*Merriam, Yerkes & Simons* ( *Guy A. Miller,* of counsel), for relator.

*Philip T. Van Zile,* Prosecuting Attorney, for respondent.

MONTGOMERY, J. The relator is a member of the present legislature elected from the district comprising the city of Detroit. There is to be elected at the coming spring election in the county of Wayne a board of county auditors. On the 11th of January the petitioner presented a petition complying with the Wayne county primary election act, so-called, signed by the requisite number of enrolled voters, asking that his name be placed

upon the primary ballot to be used at the coming primary election, and deposited the requisite fee. The respondent refused to accept and file the petition, and returned the same, together with the fee tendered, upon the ground that petitioner was not eligible as a candidate for the office of auditor; he being a member of the legislature. The present petition for mandamus asks that respondent be required to accept the fee, and place his name upon the ballot.

The sole question raised by the answer to the order to show cause is that indicated, namely, whether the relator is rendered ineligible by the fact that he is a member of the present legislature. This question must turn upon the consideration of sections 6 and 7 of article 5 of the new Constitution. Section 6 provides that no person holding any office under the United States or this State or any county office, except notaries public, officers of the militia, and officers elected by townships, shall be eligible to or have a seat in either house of the legislature, and all votes for any such person shall be void. Section 7 reads:

"No person elected a member of the legislature shall receive any civil appointment within this State, or to the senate of the United States, from the governor, except notaries public, or from the governor and senate, from the legislature, or any other State authority, during the term for which he is elected. All such appointments and all votes given for any person so elected for any such office or appointment shall be void. No member of the legislature shall be interested directly or indirectly in any contract with the State or any county thereof, authorized by any law passed during the time for which he is elected, nor for one year thereafter."

The contention on behalf of the respondent is that the latter section renders the relator ineligible, and the case of *Fyfe* v. *Kent County Clerk*, 149 Mich. 349, is cited in support of this contention. A similar provision of the old Constitution, namely, section 18, art. 4, was there construed, and it was held that the relator in that case, being a member of the legislature at the time, was not eligible

to election as a delegate to the constitutional convention. This holding was based upon the concession of counsel in the case, as well as upon the conclusion of the court, that the delegates to the constitutional convention are State officers. Such delegates were certainly performing a most important function on behalf of the State, and it was held that the relator came directly within the constitutional provisions last above quoted. It was said:

"The duties of delegates to the constitutional convention relate exclusively to affairs of State. They have no other function to perform than a State function. The only question, therefore, is: Does such an officer receive his appointment or election from any other State authority than the three just previously mentioned? If the framers of the Constitution meant to exclude members of the legislature from eligibility to other State offices, no language could be more comprehensive than that of 'any other State authority.' These are State officers elected by State authority. They receive a civil appointment from State authority."

It must be obvious that the electors in choosing a State officer are performing that duty on behalf of the State, and that they are to the extent to which they act a State authority.

But is that true of the voters of Wayne county when choosing from among their number a county officer whose duties consist of adjusting claims against the county? Under the present Constitution (section 9, art. 8), the board of supervisors is given exclusive power to fix the salaries and compensation of all county officials not otherwise provided by law. The board of supervisors—in counties having county auditors, such auditors—shall adjust all claims against the respective counties. Appeals are authorized from the decision of the board of supervisors or auditors to the circuit court in such manner as shall be prescribed by law. It is to be noticed, therefore, that the county auditors, under this provision of the Constitution, are limited in their duties to the functions which their title implies, that of an auditing board, and that

their duties consist of auditing claims against their respective counties. The powers fixed by the new Constitution are less broad than existed under the old Constitution. It is to be noted that the office was not created while the relator was a member of the legislature, and the duties of the office are purely local in their character, referring entirely to the affairs of the county. The case is clearly distinguishable from *Fyfe* v. *Kent County Clerk*, and we think it clear that the relator is not precluded by section 7 from becoming a candidate for the office in question. Section 6 of the article appears not to be relied upon by respondent, but, as it is to be read in connection with section 7, it is perhaps proper to say that that section deals with the eligibility of those holding office under the United States, State, or county to become candidates for a seat in the legislature. It does not preclude one who has been chosen to the legislature from being a candidate for a county office. The effect of the election to a county office, if it is held to be incompatible with the office of representative, would be to vacate ipso facto the office of representative. See *Attorney General, ex rel. Dust,* v. *Oakman,* 126 Mich. 717; *Attorney General, ex rel. Moreland,* v. *Detroit Common Council,* 112 Mich. 145 (37 L. R. A. 211).

The relator is entitled to the writ of mandamus as prayed. As the question involved is one of public concern, no costs will be awarded.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.