TEDROW *v.* McNARY.

1. OFFICERS—CONSTITUTIONAL OATH OF OFFICE—PURPOSE.

    The constitutional oath of office in no way refers to the qualifications of the official taking it, but merely binds him to support the Constitution and to faithfully perform the duties of the office (Const. 1908, art. 16, § 2).

2. EVIDENCE—JUDICIAL NOTICE—QUALIFICATIONS OF COUNTY COMMISSIONER OF SCHOOLS.

    That county commissioner of schools must have educational qualifications not possessed by ordinary citizens in order to perform duties of that office, is a matter of common knowledge.

3. SCHOOLS AND SCHOOL DISTRICTS—COUNTY COMMISSIONER—OATH OF OFFICE—PROOF OF ELIGIBILITY.

    Statutory requirement that candidate for office of county commissioner of schools shall evidence his eligibility therefor by affidavit or otherwise that he possesses educational and other qualifications required by statute *held,* not in conflict with requirement of Constitution prescribing form of oath of office and providing that no other oath, declaration or test shall be required as a qualification for public office, since no statement affecting his rights as a citizen or religious or political affiliations need appear (Const. 1908, art. 16, § 2; 2 Comp. Laws 1929, §§ 7704, 7705, as amended by Act No. 122, Pub. Acts 1931).

4. SAME—NOMINATING PETITION—AFFIDAVIT AS TO QUALIFICATIONS.

    Statute requiring that evidence of eligibility for office of county commissioner of schools be filed before one may be entitled to be a candidate for such office *held,* not substantially complied with where affidavit was filed on day following last day on which nominating petitions could be filed, although petition itself was timely filed and it is conceded plaintiff has the necessary qualifications (1 Comp. Laws 1929, § 2878, as amended by Act No. 200, Pub. Acts 1931; 2 Comp. Laws 1929, §§ 7704, 7705, as amended by Act No. 122, Pub. Acts 1931).

5. ELECTIONS—TIME LIMIT FOR FILING NOMINATING PETITIONS.

    Courts have no power to extend time limit for filing nominating petitions under the election law (1 Comp. Laws 1929, § 2878, as amended by Act No. 200, Pub. Acts 1931).

6. COSTS—PUBLIC QUESTION—ELECTIONS.

   On affirmance of appeal from an order denying mandamus to
   compel election officer to certify alleged candidate's name and
   place same on ballot in primary election, no costs are allowed
   since a public question was presented.

Appeal from Calhoun; McPeek (Russell R.), J., presiding. Submitted February 18, 1935. (Calendar No. 38,339.)  Decided February 21, 1935.

Mandamus by William H. Tedrow to compel Frank E. McNary, county clerk of Calhoun county, to certify plaintiff's name to a place upon the primary ballot. Writ denied. Plaintiff appeals. Affirmed.

*N. A. Cobb,* for plaintiff.

*Horace M. Mechem* and *Ronald M. Ryan,* for defendant.

PER CURIAM. The plaintiff filed his nominating petition for the office of county commissioner of schools with the defendant on the 29th day of January, 1935. He failed to also file an affidavit or other proofs establishing the facts which show his eligibility to hold such office, as required by 2 Comp. Laws 1929, § 7705, subd. (c), as amended by Act No. 122, Pub. Acts 1931. His attention was doubtless called to the omission, and on the next day he complied therewith. It is conceded that he has the necessary qualifications to fill such office, and that January 29th was the last day on which such petition could be filed.

On the refusal of the defendant, based on the advice of the prosecuting attorney, to certify plaintiff's name as a candidate, he petitioned the circuit

court for a mandamus to compel defendant to do so. An answer was filed and the facts stipulated, after which the trial court entered an order denying the relief sought. Plaintiff has appealed therefrom.

Under section 2 of the act (2 Comp. Laws 1929, § 7704), the commissioner, after his or her election, must file with the county clerk the oath of office provided for in the Constitution. Article 16, § 2. Counsel for the petitioner urges that the requirement above referred to provides for a "further declaration, oath, and test," and is therefore unconstitutional. The constitutional oath in no way refers to the qualifications of the official taking it. He thereby binds himself to support the Constitution and to faithfully perform the duties of the office.

It is a matter of common knowledge that a county commissioner of schools, in order to properly perform the duties of his office, must have educational qualifications not possessed by the ordinary citizen, and, in order that vacancies may not be frequently declared owing to a lack thereof, the legislature, in its wisdom, provided that the qualifications of a person whose name shall appear on the ballot as a candidate for that office should be evidenced by an affidavit or other proofs which show his or her eligibility at the time of the filing of the nominating petition. The voters are thereby informed that the candidates whose names appear on the primary ballot possess the qualifications required by the statute, and may express their choice without fear that the candidate they vote for, if elected, may be deposed for lack thereof. The right of friends or admirers of a person to petition for his or her nomination without the participation of the candidate is provided for in that other proofs of quali-

fications may take the place of the affidavit. That the legislature has the power to prescribe the qualifications of such a candidate admits of no doubt. *People, ex rel. Attorney General,* v. *Howlett,* 94 Mich. 165.

The statutory requirement in no way conflicts with the constitutional provision. The affidavit or other proofs to be filed is simply *prima facie* evidence that the candidate is educationally qualified to discharge the duties of the office. No statement in any way affecting his rights as a citizen, or his religious or political affiliations, need appear therein.

We have given due consideration to the cases relied on by the plaintiff (*Dapper* v. *Smith,* 138 Mich. 104, and *Harrington* v. *Secretary of State,* 211 Mich. 395), but in our opinion they are not applicable to the statute here involved.

Counsel urges that the filing of the affidavit was a substantial compliance with the act. The law fixes a time limit for filing petitions (1 Comp. Laws 1929, § 2878, as amended by Act No. 200, Pub. Acts 1931). Courts have no power to extend it.

Some other questions are presented. As the primary election is so near at hand, a prompt decision seems indispensable. It is sufficient to say that we deem them without merit.

The order appealed from is affirmed. As a public question is presented, no costs will be allowed.