WEZA *v.* AUDITOR GENERAL.

1. OFFICERS—LEGISLATORS—COUNTY SCHOOL COMMISSIONER.
    A member of the legislature is not ineligible to appointment or election as a county school commissioner (Const. 1908, art. 5, § 7).

2. SAME—INCOMPATIBILITY OF OFFICES.
    If the office of member of the State legislature is incompatible with the office of county school commissioner, the acceptance of the latter office by a legislator would *ipso facto* vacate the office previously held (Const. 1908, art. 5, § 7).

3. SAME—LEGISLATIVE CONTROL OVER OFFICE OF COUNTY SCHOOL COMMISSIONER—COMPENSATION.
    The office of county school commissioner is not a constitutional office but is an office for which the legislature may prescribe eligibility of candidates and fix the powers, duties, compensation and method of filling vacancies; hence it is an office that is incompatible with the office of a member of the legislature and acceptance by a member of the legislature of the office of county school commissioner *ipso facto* vacated office of legislator and disentitled him to claim for per diem compensation as legislator (Const. 1908, art. 5, §§ 6, 7, 9; Comp. Laws 1929, §§ 3369, 7704–7707, as amended by Act No. 222, Pub. Acts 1931; Act No. 117, Pub. Acts 1935).

4. MANDAMUS—COSTS—INCOMPATIBLE OFFICES—PUBLIC QUESTION.
    No costs are allowed in mandamus proceeding involving the duty of the auditor general and clerk of the house of representatives to pay plaintiff compensation as a member of the legislature after he had accepted office of county school commissioner, a public question being involved.

CHANDLER, MCALLISTER, and WIEST, JJ., dissenting.

Petition by Isadore A. Weza for a writ of mandamus to compel Vernon J. Brown, Auditor General of the State of Michigan, and Miles F. Gray, Clerk of the House of Representatives of the State of

Michigan, to issue the proper vouchers for payment of petitioner per diem compensation as a member of the House of Representatives. Submitted February 27, 1941. (Calendar No. 41,254.) Writ denied June 2, 1941.

*Lawrence P. Walsh,* for petitioner.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Kenneth G. Prettie,* Assistant Attorney General, for defendants.

NORTH, J. Plaintiff was a member of the State legislature of 1939. In August, 1939, he accepted an appointment to fill a vacancy in the office of county school commissioner of Ontonagon county. Thereafter the defendants herein, as State officials, refused to pay plaintiff further per diem compensation as a member of the legislature, such refusal being on the ground that by accepting the office of school commissioner he had vacated or abandoned his office as a member of the legislature. Plaintiff seeks mandamus in this court to compel payment.

So far as pertinent here, the Constitution (1908), art. 5, § 7, provides:

"No person elected a member of the legislature shall receive any civil appointment within this State * * * from the governor * * * or any other State authority, during the term for which he is elected."

Plaintiff's appointment as county school commissioner was made by the county clerk, the probate judge, and the prosecuting attorney of Ontonagon county, in accordance with statutory provision. 1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715). It has been very definitely decided in this State that plaintiff's official position as a member of the State legislature did not render him ineligible to the ap-

pointment or election as county school commissioner under the above-quoted constitutional provision. *Lodge* v. *Wayne County Clerk,* 155 Mich. 426. See, also, *Attorney General* v. *Lennon,* 86 Mich. 468.

The question then arises, whether the two offices are incompatible. If so, plaintiff's acceptance of the office of county school commissioner vacated the office which he previously held.

The office of county school commissioner is not a constitutional office, but instead is one created by the legislature. Eligibility to that office and the powers and duties of county school commissioners are fixed by legislative action. These may be increased or diminished by the legislature. The compensation of one holding that office might be fixed by the legislature, and in fact the minimum salary of county school commissioners is fixed by statute. The manner of electing one to the office and of filling a vacancy therein are likewise determined by legislative action. See 2 Comp. Laws 1929, § 7704 (Stat. Ann. § 15.802 *et seq.*); 1 Comp. Laws 1929, § 3369 (Stat. Ann. § 6.715); and Act No. 129, Pub. Acts 1937. Clearly the office of county school commissioner is subordinate to that of a member of the legislature. The former owes its creation and continuation to legislative enactment and is completely subject to legislative control. Further, as a matter of sound public policy, these two offices should be held incompatible. If a controlling faction in the legislature was composed of county school commissioners, it is conceivable that the legislature might materially increase salaries of county school commissioners, enlarge their powers, or diminish their duties.

"It is the universal rule that, when such incompatibility exists, the acceptance of the latter office vacates the first. *State, ex rel. Metcalf,* v. *Goff,* 15

R. I. 505 (9 Atl. 226, 2 Am. St. Rep. 921), and authorities there cited.  The authorities are in substantial agreement as to the rule of incompatibility, and Mechem states it as follows: 'This incompatibility which shall operate to vacate the first office exists where the nature and duties of the two offices are such as to render it improper; from considerations of public policy, for one person to retain both.' Mechem, Public Office, § 422.  In *State, ex rel. Metcalf,* v. *Goff,* the test is thus stated:

" 'The test of incompatibility is the character and relation of the offices; as where one is subordinate to the other, and subject in some degree to its revisory power, or where the functions of the two offices are inherently inconsistent and repugnant.  In such cases it has uniformly been held that the same person cannot hold both offices.' "  *Attorney General, ex rel. Moreland,* v. *Detroit Common Council,* 112 Mich. 145, 168 (37 L. R. A. 211).

Numerous authorities are cited in support of the text of 22 R. C. L. pp. 413, 414, §§ 55, 56, which in part reads:

"It is extremely difficult to lay down any clear and comprehensive rule as to what constitutes incompatibility of offices.  * * *  Sometimes it is said that incompatibility exists where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one incumbent to retain both.  * * *  It is not an essential element of incompatibility at common law that a clash of duty should exist in all, or in the greater part, of the official functions.  * * *

"One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, or is subject to supervision by the other, or where a contrariety and antagonism

would result in the attempt by one person to discharge the duties of both.''

Without further citation of a mass of sustaining authorities, we hold that the two offices here involved are incompatible.

We are not in accord with plaintiff's contention stated in his brief as follows:

"Plaintiff denies defendants have any jurisdiction to pass upon his eligibility to continue as a member of the house of representatives or to withhold from him his per diem compensation as fixed by the Constitution and statutes of the State of Michigan."

In this connection plaintiff contends that the power to pass upon the election, returns and qualifications of its own members is vested exclusively in the house of representatives. See Const. 1908, art. 5, § 15.

Notwithstanding the foregoing, it still is clearly a duty incumbent upon defendants, as public officers, to perform faithfully the duties of their respective offices. They would be derelict in the performance of such duties if they were instrumental agencies or participants in the unlawful expenditure of public funds. When plaintiff sought by force of judicial writ to compel defendants to pay him money of the State to which they believed he was not entitled, it was clearly their duty to seek adjudication of plaintiff's alleged right in the forum to which they were brought by plaintiff.

Our decision in *Lodge* v. *Wayne County Clerk,* 155 Mich. 426, is not at all controlling of the instant case. That decision only holds that notwithstanding the constitutional provision (Const. 1908, art. 5, § 7) a member of the legislature may become a candidate for election to the local office of county

auditor. It does not hold that if such candidate were elected he could continue to hold the public office as a member of the legislature, nor does the *Lodge Case* adjudicate in any way the question of compatibility or incompatibility between the two offices therein involved. Instead the court concluded its opinion with this suggestive statement: "The effect of the election to a county office, if it is held to be incompatible with the office of representative, would be to vacate *ipso facto* the office of representative."

We conclude that plaintiff, by acceptance of the office of county school commissioner, vacated his former office as a member of the State legislature; and, therefore, he was not entitled to payment of per diem compensation as a member of the State legislature.*

The writ of mandamus is denied, but without costs.

SHARPE, C. J., and BUSHNELL and BUTZEL, JJ., concurred with NORTH, J.

BOYLES, J. (*concurring*). The case cited by Mr. Justice McALLISTER (*Lodge* v. *Wayne County Clerk*, 155 Mich. 426) is not authority for the proposition that the offices of county school commissioner and member of the State legislature are not incompatible. That case merely holds that a member of the legislature was not thereby disqualified from becoming a candidate for a county office (in that case, Wayne county auditor). However, that case does not hold that a member of the legislature who is nominated and elected to a county office can there-

---

* See Const. 1908, art. 5, § 9.—REPORTER.

after hold both offices. On the contrary, it is there held that:

"The effect of the election to a county office, if it is held to be incompatible with the office of representative, would be to vacate *ipso facto* the office of representative. See *Attorney General, ex rel. Dust,* v. *Oakman,* 126 Mich. 717 (86 Am. St. Rep. 574); *Attorney General, ex rel. Moreland,* v. *Detroit Common Council,* 112 Mich. 145 (37 L. R. A. 211)."

I agree that one of the chief indicia of incompatibility is whether the functions of two offices are inconsistent. I cannot agree that the office of county school commissioner is not subject to the supervisory power of the legislature. It is not a constitutional office and is within the general regulatory power of the legislature "as its wisdom shall dictate" (*People, ex rel. Attorney General,* v. *Howlett,* 94 Mich. 165). The legislature has provided for the election of a county school commissioner in each county, fixed the tenure of office (2 Comp. Laws 1929, § 7704 [Stat. Ann. § 15.802]), determined who shall be eligible to hold the office (2 Comp. Laws 1929, § 7705, as amended by Act No. 222, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 7705, Stat. Ann. § 15.803]; *Tedrow* v. *McNary,* 270 Mich. 332), prescribed the powers and duties, including filing certain reports with the State and depriving the commissioner of the right to compensation until all such required reports have been filed (2 Comp. Laws 1929, §§ 7706, 7707 [Stat. Ann. §§ 15.804, 15.805]). The legislature may abolish the office or transfer the powers and duties to another office (Act No. 117, Pub. Acts 1935 [Comp. Laws Supp. 1940, § 7322–10, Stat. Ann. § 15.170]). The county school commissioner in some instances directs the

expenditure of moneys appropriated by the legislature. It seems to me that no one should occupy the office of county school commissioner and at the same time sit in the legislature with power to increase or decrease his salary, tenure of office, enlarge or diminish his own powers and duties; in fact have general control as a member of the legislature over his official functions as county school commissioner. This should not be. Our present Constitution (1908), art. 5, § 6, provides:

"No person holding any office under the United States or this State *or any county office,* except notaries public, officers of the militia and officers elected by townships, shall be eligible to *or have a seat in* either house of the legislature; and all votes given for any such person shall be void."

Member of the State legislature and county school commissioner are incompatible offices; by acceptance of the second office, plaintiff *ipso facto* vacated the first; he is not entitled to compensation as a member of the State legislature. The writ is denied, but without costs, a public question being involved.

McALLISTER, J. (*dissenting*). On November 7, 1938, plaintiff was duly elected, and thereafter qualified, as representative in the State house of representatives from the Ontonagon district, and served in such capacity during the entire legislative session of 1939. Since August 31, 1939, plaintiff has acted as Ontonagon county school commissioner, having received this office by appointment to fill a vacancy on or about that date.

Defendants have refused to issue vouchers for payment of plaintiff's per diem compensation as State representative since December 15, 1939, on the ground that plaintiff, by his acceptance of the

appointment as county school commissioner, disqualified himself as representative, and, *ipso facto,* vacated such office; and is, therefore, no longer entitled to the compensation provided therefor.

Plaintiff filed an application in this court for an order to show cause why a peremptory writ of mandamus should not issue to defendants to compel them to issue the necessary vouchers for compensation. Such order was issued, to which the defendants, by the Honorable Thomas Read, attorney general, made due return, denying that plaintiff was entitled to per diem compensation, for the reasons heretofore stated, and setting forth that the office of State representative and county school commissioner are incompatible, and that plaintiff's acceptance of the office vacated the office of State representative to which he had been previously elected. The succeeding attorney general, Honorable Herbert J. Rushton, thereafter gave as his opinion to defendants that the two offices were not incompatible, and that plaintiff was entitled to per diem compensation as State representative; but the auditor general, because of a contrary opinion received in the administration of the previous attorney general, refused the issuance of the vouchers without a determination of the question by this court.

Plaintiff rests his contention on the ground that, inasmuch as each house of the legislature is the judge of the qualifications, election, and returns of its members (Const. 1908, art. 5, § 15), defendants improperly held that the office of representative from Ontonagon was vacant; and that defendants wrongfully attempted to assume the right of passing upon his qualifications as such representative; that the question of the incompatibility of the two offices in question is not here involved; that he is

entitled to the per diem compensation attached to the office of State representative; and that, because of the foregoing reasons, the writ of mandamus should be granted.

The attorney general denies that defendants wrongfully attempted to exercise the right of passing upon the qualifications, election, and return of plaintiff as a State representative; but, on the theory that the offices are not incompatible, agrees that plaintiff is entitled to the compensation sought.

It is contended that one who, while occupying one office, accepts another office incompatible with the first, *ipso facto* vacates the first office. *Northway* v. *Sheridan,* 111 Mich. 18; *Attorney General, ex rel. Moreland,* v. *Detroit Common Council,* 112 Mich. 145 (37 L. R. A. 211); *Attorney General, ex rel. Dust,* v. *Oakman,* 126 Mich. 717 (86 Am. St. Rep. 574); *Lodge* v. *Wayne County Clerk,* 155 Mich. 426; and that such rule applies even where the title of the second office is invalid. *People, ex rel. Stephen,* v. *Hanifan,* 96 Ill. 420; *Shell* v. *Cousins,* 77 Va. 328. If plaintiff vacated the first office in this manner, it would be the same as though he had resigned. Defendants, in recognizing such a vacancy, would not be passing upon the qualifications of a State representative. Plaintiff answers that it may be that, when a person who is elected a member of the legislature receives an appointment from certain officers or authorities, such an appointment may be void (Const. 1908, art. 5, § 7); but that the question of the invalidity of his appointment as county school commissioner is not before this court. It is, therefore, claimed that, as a result of accepting the appointment of county school commissioner, plaintiff is faced only with a controversy as to the validity of such appointment; and that, in any event, even upon a holding that such appoint-

ment was void, he would not thereby have vacated the office of State representative.

The arguments made with regard to this proposition are interesting, but are unnecessary to our determination. If the office of school commissioner is not incompatible with the office of State representative, then under the only legal questions and the facts and circumstances as here presented, plaintiff is entitled to the compensation claimed; and it is unnecessary to discuss any of the various questions raised relating to the Constitution of 1908, art. 5, § 7.

We are of the opinion that the two offices in question are not incompatible. Incompatibility between two offices is an inconsistency of the functions of the two. Where one office is not subordinate to the other, nor the relations of one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of one is the vacation of the other. Before they are incompatible at common law, the offices must subordinate one to the other, and they must, *per se,* have the right to interfere, one with the other. See *People, ex rel. Ryan,* v. *Green,* 58 N. Y. 295.

In the accompanying opinion it is held that the two offices are incompatible for the reason that the office of county school commissioner is one created by the legislature and eligibility to that office and its powers and duties are fixed by legislative action, as well as the fact that the compensation for such office and the manner of election and filling a vacancy are likewise so determined. We are of the opinion, however, that the *functions* of the two offices are not inconsistent, and that this is the chief criterion on the question of incompatibility. We cannot say that the office of county school commissioner is sub-

ject to the supervisory power of the legislature, ex-
cept in the sense that all citizens are subject to laws
passed by the legislature, within the Constitution.

In 46 C. J. p. 942, it is said:

"Where the functions of two offices are incon-
sistent, they are regarded as incompatible. The in-
consistency, which at common law makes offices
incompatible, does not consist in the physical im-
possibility to discharge the duties of both offices,
but lies rather in a conflict of interest, as where one
is subordinate to the other and subject in some
degree to the supervisory power of its incumbent,
or where the incumbent of one of the offices has the
power to remove the incumbent of the other."

In *Lodge* v. *Wayne County Clerk,* 155 Mich. 426,
in mandamus proceedings to compel the clerk of
Wayne county to place relator's name upon the
county election ballot as a candidate for county
auditor, where relator was, at the time, a member
of the State legislature, the writ was granted; and
this court, in its opinion, said:

"It is to be noted that the office was not created
while the relator was a member of the legislature,
and the duties of the office are purely local in their
character, referring entirely to the affairs of the
county."

We refer to the above case to indicate the ap-
parent opinion of the court that the function of an
office is the controlling element in considering ques-
tions of incompatibility of offices.

Between the offices of State representative and
statutory duties imposed upon county school com-
missioners, we are in agreement with the contention
of the attorney general that there is no conflict of
interest, and that there exists between these offices
no inherent inconsistency or repugnancy. One is

not subordinate to the other, and there is no power of supervision or removal of one officer by another. We concur also in the view of the attorney general that there is no consideration of public policy that renders it improper for one person to occupy the office of county school commissioner and the office of State representative.

The writ of mandamus should be granted, without costs.

CHANDLER, J., concurred with McALLISTER, J.

WIEST, J. (*dissenting*). I concur in granting the writ but do not adopt the reasoning of Mr. Justice McALLISTER.

Plaintiff was a duly qualified member of the State legislature.

"It is the general rule that the title of an incumbent of a public office cannot be collaterally questioned, nor be tried in an action by the incumbent or by any one else for the salary of the office." *North* v. *City of Battle Creek*, 185 Mich. 592.

This case is no exception to that rule.