PETITPREN v WAYNE-WESTLAND COMMUNITY SCHOOLS

Docket No. 78-3483. Submitted June 20, 1979, at Detroit.—Decided
    August 6, 1979.

Plaintiff, Vincent J. Petitpren, was a member of the board of
    education of the Wayne-Westland Community Schools when he
    accepted an appointment as superintendent of the Taylor pub-
    lic schools. Subsequently, the Wayne-Westland Community
    School Board, after requesting an opinion from the Attorney
    General's office, adopted a resolution declaring plaintiff's seat
    vacant due to the incompatibility of the two positions.

The plaintiff brought an action in Wayne Circuit Court
    against Wayne-Westland Community Schools and the individ-
    ual members of the Wayne-Westland Community School Board
    contesting the action of the Wayne-Westland School Board. The
    defendants' motion for summary judgment was granted,
    Thomas Roumell, J. The trial court held that the plaintiff could
    not hold both positions as a matter of law because of the
    common-law doctrine of incompatibility. The plaintiff appeals.
    *Held:*

The two positions here in issue are not incompatible as a
    matter of law. There is no indication in either the trial court
    opinion or the briefs that a subordination issue exists between
    a board member of one school district and a superintendent of
    another. Nor can it be said that the two offices are inherently
    inconsistent and repugnant. Though there may be some poten-
    tial for conflict, this resolution properly belongs within the
    realm of lower court proceedings in conjunction with a com-
    plete factual exploration of the duties and responsibilities
    imposed by law upon the two positions.

Reversed and remanded for trial.

1. OFFICERS — PUBLIC OFFICES — INCOMPATIBILITY — TEST OF INCOM-
    PATIBILITY.

    It has uniformly been held that the same person cannot hold both

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Public Officers and Employees §§ 73, 74.
[2] 68 Am Jur 2d, Schools § 40.

offices in cases involving two public offices which are incompatible with each other; the test of incompatibility is the character and relation of the offices; where one office is subordinate to and is subject in some degree to the revisory power of a second office or where the functions of the two offices are inherently inconsistent and repugnant, the two offices are incompatible.

2. Officers — Schools and School Districts — Public Offices — Incompatibility — Appeal and Error.

The Court of Appeals is unable to conclude that the position of board member of one school district and the position of superintendent of another school district are incompatible as a matter of law where there is no indication in either the trial court opinion or the briefs of the parties that a subordination issue exists between the positions and where it cannot be said that the two offices are inherently inconsistent and repugnant.

*Harris, Lax & Greg,* for plaintiff.

*Clark, Hardy, Lewis, Fine & Ashen, P.C.* (by *Dennis R. Pollard* and *William G. Albertson),* for defendants.

Before: N. J. Kaufman, P.J., and D. C. Riley and J. X. Theiler,* JJ.

D. C. Riley, J. The issue is whether an individual elected to membership on one city's board of education can accept a full-time paid position as superintendent of schools for another city and still retain his first position.

Plaintiff was elected to a vacancy on the board of education of the Wayne-Westland schools in 1974, and two years later was elected to an additional four-year term. In January, 1978, he was appointed superintendent of the Taylor public schools. Subsequently, the Wayne-Westland School Board, after requesting an opinion from the State Attorney General's office, adopted a resolution

---

* Circuit judge, sitting on the Court of Appeals by assignment.

declaring plaintiff's seat vacant due to the incompatibility of the two positions.

Plaintiff filed his complaint on July 21, 1978, contesting the board's action. Defendants moved for summary judgment, alleging that plaintiff had failed to state a claim upon which relief could be given, GCR 1963, 117.2(1). Defendants' motion was granted by the lower court and plaintiff appeals that determination.

The trial court held plaintiff's claim unenforceable as a matter of law based upon the common-law doctrine of incompatibility. A review of Michigan authority discloses only two cases which have dealt with the doctrine at length. In *Attorney General ex rel Moreland v Detroit Common Council,* 112 Mich 145; 70 NW 450 (1897), the question raised was whether the mayor of Detroit could also serve as the governor of Michigan. The Court found the two offices to be incompatible, and that, by occupying the second office, a person *ipso facto* vacated his holding of the first.

The rule of incompatibility was discussed as follows:

"The authorities are in substantial agreement as to the rule of incompatibility, and Mechem states it as follows: 'This incompatibility which shall operate to vacate the first office exists where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one person to retain both.' Mechem, Pub. Off. § 422. In *State v Goff* the test is thus stated:

" '*The test of incompatibility is the character and relation of the offices; as where one is subordinate to the other, and subject in some degree to its revisory power, or where the functions of the two offices are inherently inconsistent and repugnant. In such cases it has uniformly been held that the same person cannot hold both offices.*'

"In *State v Thompson,* 20 N.J. Law, 689 [1846], it is said:

" 'Where there is no express provision, the true test is whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them. Offices, says Bacon, are incompatible or inconsistent when they cannot be executed by the same person; or when they cannot be executed with care and ability; or where one is subordinate to or interferes with another ([Bacon's Abridgement, title] "Office" K); or where one office is under the control of another ([Comyn's Digest, title] "Office"). * * *'

"The sole difficulty lies in the application of the rule, and in every case the question must be determined from an ascertainment of the duties imposed by law upon the two officers. If one has supervision over the other, or if one has the removal of the other, the incongruity of one person holding both offices is apparent, and the incompatibility must be held to exist so that the acceptance of the latter vacates the former.

\* \* \*

"The remoteness of the necessity for the removal of a mayor by the governor is urged by counsel for the respondent as a reason why a legal incompatibility does not exist at the common law. The question, however, is one of the existence of the power, and not the remoteness of its exercise.

\* \* \*

"The power of removal is ever present, ready for use when its exercise is required. The argument that the contingency for its use is very remote is without force. We have been unable to find a decision which holds that one person may hold two offices, in one of which he is clothed with power to remove the person holding the other. It follows that the offices of mayor and governor are incompatible." (Emphasis supplied.) 112 Mich at 168-169, 172-173.

As is readily apparent, the Court premised a finding of incompatibility upon a showing that (1) one office is subordinate, or subject to review or

revision, by the second, or (2) the functions of the two offices are inherently inconsistent and repugnant.

*Weza v Auditor General,* 297 Mich 686; 298 NW 368 (1941), did not deviate from these considerations. In addition to citing the quoted language from *Moreland,* the opinion also stated that:

" 'It is extremely difficult to lay down any clear and comprehensive rule as to what constitutes incompatibility of offices. * * * Sometimes it is said that incompatibility exists where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one incumbent to retain both. * * * It is not an essential element of incompatibility at common law that a clash of duty should exist in all, or in the greater part, of the official functions. * * *

" 'One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, or is subject to supervision by the other, or where a contrariety and antagonism would result in the attempt by one person to discharge the duties of both.' " 297 Mich at 689-690.

The *Weza* Court focused upon the problem of subordination when it held that a legislator could not be appointed to fill a vacancy for county school commissioner:

"Clearly the office of county school commissioner is subordinate to that of a member of the legislature. The former owes its creation and continuation to legislative enactment and is completely subject to legislative control. Further, as a matter of sound public policy, these two offices should be held incompatible. If a controlling faction in the legislature was composed of county school commissioners, it is conceivable that the legislature might materially increase salaries of county school

commissioners, enlarge their powers, or diminish their duties." 297 Mich at 688.

Based upon these decisions, we are unable to conclude, as did the lower court, that the two positions here in issue are incompatible *as a matter of law.* There is no indication in either the trial court opinion or the briefs that a subordination issue exists between a board member of one district and a superintendent of another. Nor can we say that the two offices are *inherently* "inconsistent and repugnant". Though there may be some potential for conflict, this resolution properly belongs within the realm of lower court proceedings in conjunction with a complete factual exploration of the duties and responsibilities imposed by law upon the two positions. *Moreland, supra,* at 169.

Reversed and remanded for trial.[1]

---

[1] Although not dispositive of the present case, we note that 1978 PA 566, effective December 29, 1978, provides standards of conduct for public officers. Section 2 of that act prohibits the holding of incompatible offices. MCL 15.181 *et seq.;* MSA 15.1120(121) *et seq.* Section 1 defines incompatible offices:

"(b) 'Incompatible offices' means public offices held by a public official which, when the official is performing the duties of any of the public offices held by the official, results in any of the following with respect to those offices held:

"(i) The subordination of 1 public office to another.

"(ii) The supervision of 1 public office by another.

"(iii) A breach of duty of public office." MCL 15.181(b); MSA 15.1120(121)(b).

Section 3 provides that the act

*"shall not be construed to prohibit a member of a school board of 1 school district from being a superintendent of schools of another school district."* MCL 15.183(2); MSA 15.1120(123)(2). (Emphasis supplied.)