**CITIZENS ASSOCIATION OF GEORGE-TOWN, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.**

**No. 9140.**

District of Columbia Court of Appeals.

Argued Nov. 4, 1975.

Decided June 23, 1976.

Courts Oulahan, Washington, D. C., with whom Christopher W. Keller, Washington, D. C., was on the brief, for petitioner.

James N. Dulcan, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel at the time the brief was filed, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before KERN and HARRIS, Associate Judges, and STEWART,* Associate Judge, Superior Court of the District of Columbia.

STEWART, Associate Judge:

This appeal came before the court as the result of the granting of a Class "C" liquor license to the Ruben Bleu, Inc., t/a Café de Paris, by the Alcoholic Beverage Control Board (hereinafter ABC Board). The petitioner, Citizens Association of Georgetown, Inc. (hereinafter Citizens) challenges the granting of the license alleging a denial of due process in the hearing before the ABC Board. Citizens claims (1) that the Chairman of the Board heard and decided the case while serving as Director of the Department of Economic Development, that the Director has no authority to serve in the incompatible position of Board Chairman and that

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

because of public policy and the incompatibility of the offices, Citizens was denied due process, (2) that the second member of the Board is in the same incompatible position and is an employee of the director-chairman, preventing independent decision making, and (3) that the failure of the Board to promulgate supplemental rules of procedure as required by the District of Columbia Administrative Procedure Act, D.C.Code 1973, § 1–1501 *et seq.,* and by decisions of this court likewise resulted in a denial of due process of law.

The hearing on the application was first held on July 17, 1974. The reporter's notes were lost and a *de novo* hearing was set for November 21, 1974. On November 13, 1974, Citizens moved to defer the hearing on the grounds that the Board had not promulgated new rules of procedure and that the Board was not legally constituted. This motion was denied on November 21, 1974, at the beginning of the hearing. On December 18, 1974, a Class "C" liquor license was granted to the Café de Paris.

## I. *Incompatibility of Offices Denies Due Process*

Citizens correctly states that no authority exists permitting the Director to serve as Chairman or as a member of the Board, but conversely, no prohibition of the Director serving as Chairman exists. Although Commissioner's Order No. 72–206 sets out the Director's duties, it does not prohibit him from wearing two hats.

The question of incompatibility is a complex one. *Reilly v. Ozzard,* 33 N.J. 529, 166 A.2d 360 (1960), and *Schear v. Elizabeth,* 41 N.J. 321, 196 A.2d 774 (1964), stand for the proposition that a person holding incompatible offices may be confronted with a conflict of interests or a

conflict of duties, which may violate due process. *Reilly v. Ozzard, supra,* gives a definition of incompatible offices (at 367):

> Incompatibility is usually understood to mean a conflict or inconsistency in the function of an office. It is found where in the established governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another.

Citizens cites *Ward v. Monroeville,* 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), as supporting authority. In that case, *Ward* claimed a due process violation because he was denied a trial before a disinterested and impartial judicial officer. The mayor wore two hats in that he was responsible for revenue production and law enforcement. The fines that he levied in the mayor's court contributed greatly to the city's finances and provided his salary. There the positions were deemed to be incompatible by the Supreme Court because of the pecuniary interest the mayor had in revenue production for the city. Moreover, in the *Ward* case, there was evidence of the amounts brought in by the mayor through his judicial activities so the Supreme Court had evidence of the incompatibility before it.

There is no allegation of a pecuniary interest in this case. Further evidence of incompatibility is totally absent here. This record contains no more than the naked allegation that the positions are incompatible.

■ This court is requested to hold the positions of Director of the Department of Economic Devopment and Chairman of the ABC Board as incompatible per se.[1] The Supreme Court has held that to establish a due process violation, Citizens "must overcome a presumption of honesty and integri-

---

1. Citizens claims that the purpose of the Department of Economic Dvelopment is to encourage business in the District and therefore it wants as many liquor licenses granted as possible. The respondent urges that the opposite is really true, that selective handing out of licenses is in the best interest of the District and the Department of Economic Development. The record again is barren of proof of either position.

ty in those serving as adjudicators; . . ." *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). The holding of two positions that may interrelate is not per se incompatible. In *Withrow v. Larkin, supra,* the Supreme Court held that a medical examining board could first conduct an investigatory hearing and then the same board could hear the contested case in order to impose sanctions. The Court stated (*ibid.*):

> The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. . . . [I]t must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.

Mr. Justice White, writing for the Court, explained that the problem is not new and much attention has been given to the issue but "No single answer has been reached." *Id.* at 51, 95 S.Ct. at 1466.

The court went on to quote one of the foremost authorities in the field:

> "[T]he case law, both federal and state, generally rejects the idea that the combination [of] judging [and] investigating functions is a denial of due process . . ." 2 *K. Davis,* Administrative Law Treatise, § 13.02, p. 175 (1958).

Citizens' argument was made in *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court held (at 410, 91 S.Ct. at 1432):

> Neither are we persuaded by the advocate-judge-multiple-hat suggestion. It assumes too much and would bring down too many procedures designed, and

working well, for a government structure of great and growing complexity.

Further authority was recently provided in *Jonal Corp. v. District of Columbia,* 533 F.2d 1192 (D.C.Cir.1976). There the appellant raised the same issue of incompatibility where members of the Contract Appeals Board were also Assistant Corpo-*Shapiro v. Thompson, supra* at 629, 89 ration Counsel, once again the multiple-hat problem. In the United States Court of Appeals' decision, it is stated (at 1197):

> In the absence of evidence of actual personal bias or pecuniary interest, we hold that the fact that the Board membership was appointed by the Corporation Counsel, and the fact that the Corporation Counsel was also responsible for appointing an individual to prosecute and defend the case on behalf of the District of Columbia before the Board, does not, *per se,* constitute a violation of the due process clause of the Fifth Amendment.

It is clear from the authorities that this incompatibility position is not subject to a per se rule.

■ There must be some proof of incompatibility but here the record is bare of any such proof. The question of incompatibility cannot be forced into a per se rule, but must be examined on a case by case basis. This applies equally to the employer-employee relationship that Citizens would have the court hold incompatible. There is a total lack of proof as to the incompatibility of the positions.

■ Citizens urges the court to disqualify the employee Hill because he is involved in both investigation and determination in the same case. *Withrow v. Larkin, supra,* seems to answer this as well. There all the members of the board participated in an investigatory hearing, and then later conducted the "contested" hearing, and imposed sanctions. The Supreme Court felt that due process was satisfied in that in-

stance. Here the petitioner must also overcome the presumption of fairness of the examiners as put forth in *Withrow v. Larkin, supra.* That has not been done here.

What might have been is not enough to set aside an administrative agency's finding. The presumption of fairness has not been effectively challenged and thus the ABC Board's ruling should be allowed to stand.

II. *Failure of Respondent To Promulgate Rules as Required by the D.C.A.P.A. and by Decisions of This Court Deprives Petitioner of Due Process of Law*

■ In support of its claim that the present rules of procedure of the ABC Board, 3 D.C.R.R. 20.1 *et seq.,* inadequately meet the standards of the D.C.A.P.A., D. C.Code 1973, § 1–1501 *et seq.,* petitioner relies upon two opinions of this court which directed the Board to adopt certain additional regulations designed to conform fully with statutory requirements. *Boley v. D. C. Alcoholic Beverage Control Board,* D.C.App., 292 A.2d 807, 809 n.3 (1972) ; *Citizens Association of Georgetown v. D. C. Alcoholic Beverage Control Board,* D.C.App., 288 A.2d 666, 670 n.4 (1972). Each case noted a specific procedural deficiency by which the Board was transgressing the provisions of the D.C.A. P.A. Therefore, we directed the Board to promulgate amendments to its regulations which would serve to eliminate those procedural irregularities. The *Citizens* case advised the adoption of an acceptable procedure to ensure that thereafter all information of decisional significance be made available to all participants in the proceeding. In *Boley,* we urged that, in view of the failure in that case to permit cross-ex-

amination of the license applicant and the failure of the applicant to sustain its burden of proof, the Board amend its regulations to prevent further such violations of the clear statutory mandates.

However, unlike the petitioners in the *Citizens* and *Boley* cases, Citizens makes no claim that it was prejudiced by procedural error, nor, indeed, does it argue that any error in fact occurred. Petitioner fails to state how the Board's continued reliance on its unamended rules deprived it of any rights accorded under the D.C.A.P. A.[2] The bare assertion—albeit true—that certain gaps remain to be filled in the Board's published regulations is not sufficient to require setting aside the Board's order where it has not been alleged that petitioner suffered in any way from the lack of a particular provision. *Cf. Palmer v. Hoffman,* 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645 (1943). Accordingly, the order appealed from is affirmed.

*Affirmed.*

■

---

**2.** The ABC Board makes no attempt to demonstrate that this court's previously-expressed expectations that all the rules would be brought into conformity with the D.C.A. P.A. have been fulfilled. Further delay in making the appropriate amendments would be wholly unwarranted.

In its brief, respondent relies on *Bogan v. Real Estate Commission of D. C.,* D.C.App., No. 6010 (May 12, 1972). It apparently is unaware of the fact that on October 5, 1972, the court vacated that opinion and reversed the judgment therein. The *Bogan* opinion thus has no vitality whatsoever.