The Honorable Bryan B. King State Representative 871 County Road 814 Green Forest, Arkansas 72638-2657
Dear Representative King:
I am writing in response to your request for an opinion on the following questions:
 1. Would it be a conflict of interest or are there any ethical issues that arise for a member of the Arkansas Highway Commission to serve as an employee, consultant, independent contractor, volunteer for the Governor and the Governor's office in which he or she represents the Governor? Are there any statutory or constitutional prohibitions?
 2. Is it a violation of the separation of powers doctrine, or does it run afoul of the Constitution of Arkansas or the Arkansas Code for a person who serves as member of the Governor's staff, more specifically advising and recommending transportation legislation and policy, to simultaneously serve as a member of the Arkansas State Highway Commission? Is it ethical?
RESPONSE
Depending upon the particular surrounding facts, your first question may require consideration of A.C.A. § 27-65-110 (Repl. 1994), which prohibits the Commission and its members from being paid to provide information concerning the state's road system to state or county officials. Apart from this statute, the *Page 2 
Arkansas Code sets forth certain general ethical standards for public officials; and there is a common-law prohibition against conflicts of interest to be considered. Clearly, however, the application of these statutes and principles in a given situation is highly dependent upon the particular facts. As discussed further below, I have found no outright statutory bar to a Commissioner serving as an employee, consultant, independent contractor, or volunteer for the Governor and the Governor's office. Nor has my research disclosed any general constitutional prohibition against a Commissioner's service in any of these positions. With regard specifically to the separation of powers doctrine at issue under your second question, this doctrine is inapplicable as it appears to be restricted to two "offices." In my opinion, the question regarding a Commissioner's employment in the Governor's office must instead be analyzed under the so-called "incompatibility" doctrine at common law. This question must be determined from an ascertainment of the duties imposed by law upon the two positions. In this regard, I cannot conclude based on the limited information before me that the position of Commissioner is necessarily incompatible, as a matter of law, with that of employment in the Governor's office. Though there may be some potential for conflict, this resolution properly belongs within the realm of court proceedings in conjunction with a complete factual exploration of the duties and responsibilities imposed by law upon the two positions.
Question 1 — Would it be a conflict of interest or are there anyethical issues that arise for a member of the Arkansas HighwayCommission to serve as an employee, consultant, independent contractor,volunteer for the Governor and the Governor's office in which he or sherepresents the Governor? Are there any statutory or constitutionalprohibitions?
As an initial matter, some mention should be made of A.C.A. § 27-65-110 (Repl. 1994), which provides:
 (a) The [State Highway] commission shall submit annually to the Governor a report of its activities.
 (b) The commission shall make a biennial report to the General Assembly embodying a clear statement of all the questions that have arisen in that time and setting out such recommendations as it may think proper to make for the improvement of the road system of the state and for the efficiency of the department. *Page 3 
 (c)(1) The State Highway Commission shall obtain and preserve such information, reports, maps, plats, books, records, and data of every kind as may be valuable on the subject of roads and highways. Its services in the matter of consultations and advice on the matter of public roads, and the improvement and maintenance thereof, shall be free to all officials of road improvement districts and to all state and county officers having need thereof.
 (2) Any member of the commission or any employee who shall charge or receive any compensation for furnishing any information or data to any state or county official for state or county officials' use only, or commissioner of any road district, shall be guilty of a misdemeanor and be fined in any sum not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000).
(Emphasis added.)
This Code section plainly prohibits the Commission and its members from being paid to provide information concerning the state's road system to state or county officials. I have found no helpful case or previous Attorney General opinion addressing this statute, and I am uncertain to what extent it may be implicated by your question concerning a Commissioner's service as an "employee, consultant, independent contractor, [or] volunteer" for the Governor. I can only observe that it could potentially be implicated if the question contemplates a Commissioner being paid to consult or advise the Governor concerning the state's road system. Application of the statute will ultimately depend upon the particular surrounding facts and circumstances, to be ascertained, it would seem, by a prosecutor in light of the potential criminal penalties.
The Arkansas Code also sets forth certain general ethical standards for public officials and employees. The Code of Ethics (Subchapter 3 of Chapter 8 of Title 21) states as follows:
 (a) No public official or state employee shall use or attempt to use his or her official position to secure special privileges or exemptions for himself or herself or his or her spouse, child, parents, or other persons standing in the first degree of relationship, or for those with *Page 4 
whom he or she has a substantial financial relationship that are not available to others except as may be otherwise provided by law.
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he or she might reasonably expect would require or induce him or her to disclose any information acquired by him or her by reason of his or her official position which is declared by law or regulation to be confidential.
 (c) No public official or state employee shall disclose any such information gained by reason of his or her position, nor shall he or she otherwise use such information for his or her personal gain or benefit.
A.C.A. § 21-8-304 (Supp. 2007).
The application of this statute in a given situation is clearly highly dependent upon the particular facts, thus requiring a case-by-case determination. Subsection 21-8-302 of the Code (Supp. 2007) classifies as a Class B misdemeanor any violation of A.C.A. § 21-8-304. Additionally, A.C.A. § 21-8-303 (Repl. 2004) locates enforcement authority initially in the prosecuting attorney's office or the Arkansas Ethics Commission and authorizes any private citizen to enforce compliance through an action in circuit court if the prosecuting attorney fails to act. The permissible range of penalties for a Class B misdemeanor is set forth at A.C.A. §§ 5-4-201 (Supp. 2007 and Acts 2009, No. 209) and-401 (Repl. 2006).
With regard to any other potential conflict of interest issue, I believe it is necessary to consider whether a Highway Commissioner's service in one of the positions you have named violates any of the three possible types of legal prohibitions against the so-called "dual service" by a public officer or employee that have been identified by the Arkansas Supreme Court: constitutional prohibitions, statutory prohibitions, and, if no constitutional or statutory prohibition applies, the common law prohibition known as the "doctrine of incompatibility." See generally Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). I find no constitutional provision that would preclude a Commissioner from serving as an employee, consultant, independent contractor, or volunteer for *Page 5 
the Governor and the Governor's office. Nor has my research disclosed any applicable statutory prohibition.
Regarding the constitution, the so-called "separation of powers doctrine" found at Ark. Const. art. 4, §§ 1 and 2, presents no impediment because this doctrine applies, in my opinion, to dual-officeholding.[1] Op. Att'y Gen. 2007-045. There is no suggestion under your question that the Commissioner would be serving in any other office. I have also considered Ark. Const, art. 19, § 6, which prohibits the holding of more than one office "in the same department of the government at the same time." Again, however, because I have no information to suggest that any of the positions at issue (employee, consultant, independent contractor, or volunteer) constitutes an office, this proscription also appears to be inapplicable.
Regarding a possible statutory prohibition, I have found no outright statutory bar to a Commissioner serving as an employee, consultant, independent contractor, or volunteer for the Governor and the Governor's office. I note in this regard that while the oath required of Commissionemployees states that they will not accept other employment while in the employ of the department, see A.C.A. § 27-65-129 (Repl. 1994), there is no comparable proscription applicable to Commission members. I note additionally that several statutes that would otherwise prevent or constrain dual employment by the state do not apply to members of the Arkansas Highway Commission. Specifically, A.C.A. § 21-1-402 (Supp. 2007) prohibits state elected constitutional officers from accepting state employment after election and during their terms of office. Id. at (a)(1).[2] Another statute prohibits these elected officers from entering into professional and consultant services contracts with non-exempt state agencies. A.C.A. § 21-1-403(c) (Repl. 2004). See also *Page 6 
A.C.A. § 19-11-1004 (prohibiting state agencies from engaging in professional and consultant services contracts with salaried state employees.) These statutes plainly do not apply to Commissioners. Nor, in my opinion, are the so-called "concurrent employment" restrictions of A.C.A. § 19-4-1604 applicable with respect to Highway Commissioners.See generally Op. Att'y Gen. 96-377. This statute in relevant part specifies the circumstances under which state employees are authorized to receive combined salary payments in excess of the maximum annual salary for their regular positions:
 Except as provided in subsection (b) of this section, no person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other state agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each state agency, stating that:
 (1) The work performed for the other state agency does not interfere with the proper and required performance of the person's duties; and
 (2) The combined salary payments from the state agencies do not exceed the larger maximum annual salary of the line-item position authorized for either state agency from which the employee is being paid.
A.C.A. § 19-4-1604(a) (Supp. 2007) (emphasis added).
The receipt of salary or compensation from more than one state agency is therefore strictly regulated and can stand as a prohibition against concurrent state employment. Because the statute apparently applies, however, to those occupying regular salary positions (see language emphasized above and Op. Att'y Gen. 97-275), it must be concluded that it does not apply to members of the Highway Commission, who receive per diem and expenses pursuant to A.C.A. § 27-65-104 (Repl. 1994), as opposed to a salary for a regularly authorized line-item position.[3] *Page 7 
It is therefore my conclusion based on the foregoing that there is no outright statutory or constitutional bar to a Commissioner serving as an employee, consultant, independent contractor, or volunteer for the Governor and the Governor's office. A question remains, however, regarding the body of law that has been termed the common-law "doctrine of incompatibility." This doctrine applies when holding two occupations simultaneously would generate an inherent conflict that necessarily precludes serving in both capacities. As described by the Arkansas Supreme Court, the "inconsistency, which at common law makes offices[4] incompatible" exists in situations when "one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other."Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 1024,103 S.W.2d 458 (1937). Accord Thompson v. Roberts, 333 Ark. 544,970 S.W.2d 239 (1998). The Court in Thompson further expounded upon the incompatibility doctrine by observing:
 One commentator has explained, `Incompatibility arises, therefore, from the nature of the duties of the offices, when there is an inconsistency in the functions of the two, where the functions of the two are inherently inconsistent or repugnant, as where the antagonism would result in the attempt by one person to discharge the duties of both offices, or where the nature and duties of the two offices are such as to render it improper from considerations of public policy for one person to retain both. Eugene McQuillin, 3 The Law of Municipal Corporations, § 12.67 (3d ed. 1990).
333 Ark. at 549. *Page 8 
One court has observed that the doctrine has most often been invoked when one of the positions is subordinate to the other. People v.Claar, 293 Ill. App.3d 211 (1997). But it seems well-established that the "true test," as explained by another court, is "whether the two offices are incompatible in their natures, in the rights, duties, or obligations connected with or flowing out of them." Petitpren v.Wayne-Westland Schls, HLS, 91 Mich. App. 590, 593 283 N.W.2d 812
(1979). In this regard, as further noted by the Michigan court, it seems clear that the question must be determined from an ascertainment of "the duties imposed by law" upon the two positions. Id.
(emphasis added.) See also O'Connor v. Calandrillo,117 N.J. Super. 586,589, 285 A.2d 275 (1971) ("Incompatibility exists `where in theestablished governmental scheme one office is subordinate to another, or subject to its supervision or control, or the duties clash, inviting the incumbent to prefer one obligation to another.'" Reilly v.Ozzard, 33 N.J. 529, 543 (1960). . . .") (emphasis added). Further insight is gained from Rielly, supra, wherein the New Jersey court noted that incompatibility exists where "a clash of duties inheres in the very relationship of one office to the other and is contemplated by the scheme of governmental activities. . . ."). 33 N. J. at 543.Accord Gryzik v. State, 380 So.2d 1102 (Fla. 1980) (echoing the incompatibility doctrine's application based on the duties under the "established governmental scheme."); Citizens Ass'n v. District ofCol. Alc. Bev. Bd., 359 A.2d 295, 297 (D.C. 1976) (quotingReilly, supra).
Although I have found no Arkansas case directly on point, I have no reason to anticipate that our court would deviate from the usual view that "incompatibility" means a conflict or inconsistency in the functions of two positions based upon their respective duties and responsibilities under the law (the "established governmental scheme.") In response to your particular question concerning dual occupations involving a Highway Commissioner, therefore, it seems unlikely that such "incompatibility" would exist in the case of a Commissioner's service as a consultant, independent contractor, or volunteer for the Governor's office because these positions probably have no established duties or responsibilities under state law. Nor do I have any information to suggest that a subordination issue exists between the position of Highway Commissioner and one of these positions, i.e., there is no suggestion of incompatibility based on the fact that one position is subordinate to the other or subject to its supervision or control.[5]
A conclusive *Page 9 
determination would, however, obviously depend upon the particular position. Similarly, with respect to a Commissioner's service as an "employee," the question will turn on the exact position of employment and the nature of any duties and responsibilities imposed by law on the position. The question thus cannot be answered in the abstract. In order to determine whether the positions are incompatible as a matter of law, there must be a complete factual exploration of the duties and responsibilities imposed by law upon the "employee" position, with an eye to the potential "antagonism" between that position and the position of Commissioner, and whether service in both capacities is "repugnant" in the sense discussed in Thompson, supra.
In sum, therefore, I cannot conclude based on the limited information before me that the position of Commissioner is necessarily incompatible, as a matter of law, with that of employment in the Governor's office. Though there may be some potential for conflict, this resolution properly belongs within the realm of court proceedings in conjunction with a complete factual exploration of the duties and responsibilities imposed by law upon the two positions.
As a final note, a Commissioner who serves in another capacity for the Governor and the Governor's office should be aware of the common-law prohibition against conflicts of interest. See generally Op. Att'y Gen. 95-099 (setting forth the standard for determining whether a public officer faces a conflict of interests such that he or she is disqualified to act in the particular matter and must withdraw.) This prohibition is directed toward preventing public officers and employees from using their positions to attain personal gain over and above that which would normally accrue to them as a result of the performance of their duties. Op. Att'y Gen. 2008-042. The wrong to be avoided is the placing of self-interest above public duty. Op. Att'y Gen. 2000-072. Whether a wrong of this nature has occurred is entirely a question of fact and can only be established by the presentation of factual evidence showing both the motivation and the effect of the public servant's act.Id.
 Question 2 — Is it a violation of the separation of powersdoctrine, or does it run afoul of the Constitution of Arkansas or theArkansas Code for a person who serves as member of the Governor's staff,more specifically advising and *Page 10 recommending transportation legislation and policy, tosimultaneously serve as a member of the Arkansas State HighwayCommission? Is it ethical?
See discussion above.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Arkansas Constitution, Article 4, Sections 1 and 2 provide respectively that: "The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another" and "No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted."
[2] The statute applies to the Governor, Lieutenant Governor, Secretary of State, Treasurer of State, Attorney General, Commissioner of State Lands, Auditor of State, and members of the Arkansas House of Representatives and Senate. A.C.A. § 21-1-401(1) (Repl. 2004). The statute was amended during the 2009 legislative session to provide for exceptions involving, inter alia, transfer of employment or reemployment with the prior approval of the Joint Budget Committee or the Legislative Council, and the Governor. See Acts 2009, No. 1398
for details.
[3] Although it does not stand as a flat bar to dual service, one other statute — A.C.A. § 19-4-1601 (Supp. 2007) — should be noted in connection with dual receipt of compensation. This statute provides in relevant part: "No employee authorized by the General Assembly shall receive from appropriated or cash funds, either from state, federal, or other sources, compensation in an amount greater than that established by the General Assembly as the maximum annual salary for the employee unless specific provisions are made therefor by law." Id. at (b)(3)(C). Generally, therefore, the maximum salary is all that may be received by any state employee from public funds. Accordingly, if your question contemplates a Highway Commissioner also serving as a state employee paid from a regular salary position, this statute will prevent the individual from receiving any public funds in excess of his or her line item maximum.
[4] Notwithstanding the court's use of the term "offices" in this quotation, I have opined, consistent with an opinion issued by my immediate predecessor, that the doctrine of incompatibility applies as well to the simultaneous holding of an office and a public employment. Op. Att'y Gen. 2006-219. See Op. Att'y Gen. 2006-066.
[5] I note in this regard that pursuant to Ark. Const. amend. 42, the Arkansas Highway Commission is vested with all powers "now or hereafter imposed by law for the administration of the State Highway Department," and "all powers necessary . . . to carry out . . . the laws relating to the State Highway Department." As stated by one of my predecessors, therefore, "[t]he essence of the Commission's power is . . . the superintending control of the State Highway Department." Op. Att'y Gen.95-074. *Page 1